UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOE HILL,<br><br>                              Plaintiff,<br><br>        -against-<br><br>OFFICER ROMANYCH, et al.,<br><br>                              Defendants. | 25-CV-4868 (JGLC)<br><br>**ORDER OF SERVICE** |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Joe Hill, who is currently incarcerated in the Fishkill Correctional Facility, brings this action *pro se*, asserting claims of federal constitutional violations and other claims, and seeking damages.[1] Plaintiff seeks damages, and sues: (1) Westchester County Jail (the "WCJ") Correction Officer Romanych; (2) WCJ Correction Officer Jones; (3) the WCJ itself; and (4) an unidentified "Correction Officer Booking Search" defendant, who appears to be at least one other unidentified WCJ correction officer. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

By order dated June 16, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] ECF No. 5. For the reasons set forth below, the Court dismisses Plaintiff's claims against the WCJ. The Court directs the Clerk of Court to add the County of Westchester as a defendant, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"). The Court also directs service on Romanych, Jones, and the County of Westchester. The Court further directs the Westchester County Attorney to provide to Plaintiff

---

[1] Plaintiff filed his complaint while he was held in the Westchester County Jail.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

and the Court the full identifies, badge numbers, and service addresses of the unidentified defendant and of any other WCJ officials involved with the incident alleged in Plaintiff's complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction of the claims raised. *See* FED. R. CIV. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

**A.   The WCJ**

The Court understands Plaintiff's complaint as asserting only claims under Section 1983 against the WCJ. The Court must dismiss these claims. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). The WCJ, a jail, however, is not a "person" for the purpose of Section 1983 liability. *See Bush v. New York*, 24-CV-2359 (CS), 2024 WL 4228175, at *3 (S.D.N.Y. Sept. 18, 2024); *Blackwood v. Westchester Cnty. Jail*, No. 23-CV-2656 (LTS), 2023 WL 4534145, at *3 (S.D.N.Y. July 12, 2023). The Court therefore dismisses Plaintiff's claims under Section 1983 against the WCJ for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.   The County of Westchester**

Under Rule 21, the Court, on its own motion, "may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618–19 (S.D.N.Y. 2015) (stating that Rule 21 "afford[s] courts discretion to shape litigation in

3

the interests of efficiency and justice."). Courts have added, under Rule 21, a municipality as a defendant in an action, though that municipality is not named as a defendant in the complaint, because it was clear that the plaintiff intended to name the municipality as a defendant but mistakenly did not do so. *See, e.g.*, *Glover v. N.Y.C. Dep't of Corrs.*, 25-CV-1174 (KMK), 2025 WL 756327, at *1 (S.D.N.Y. Feb. 18, 2025); *Bien-Aime v. DOCCS*, No. 24-CV-8797 (JHR) (BCM), 2025 WL 415771, at *2 (S.D.N.Y. Feb. 6, 2025); *Pearson v. O.C.J. Goshen, N.Y.*, 24-CV-8254 (KMK), 2025 WL 370965, at *3 (S.D.N.Y. Feb. 3, 2025); *Ballentine v. NYCPD*, No. 24-CV-6121 (MKV), 2024 WL 4556003, at *1 (S.D.N.Y. Oct. 22, 2024); *Owens v. Orange Cnty. Jail*, 22-CV-6754 (CS), 2022 WL 4449229, at *1–2 (S.D.N.Y. Sept. 23, 2022). That is so because a court may add a party to an action, under Rule 21, when it is clear that the plaintiff intended to name that party as a defendant, but inadvertently failed to do so. *See Fullewellen v. City of New York*, No. 21-CV-7219 (MKV), 2021 WL 4940984, at *2 (S.D.N.Y. Sept. 14, 2021); *see also Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

Plaintiff does not name the County of Westchester as a defendant. In naming the WCJ, a jail owned and operated by the County of Westchester, as a defendant, however, it appears that he intended to name the County of Westchester as a defendant in this action. In light of Plaintiff's *pro se* status and his allegations, the Court understands Plaintiff's complaint as asserting claims against the County of Westchester. Accordingly, the Court directs the Clerk of Court to add as a defendant in this action, under Rule 21, the County of Westchester. This amendment is without prejudice to any defenses the County of Westchester may wish to assert.

**C.     Service on Romanych, Jones, and the County of Westchester**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); FED. R. CIV. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Romanych, Jones, and the County of Westchester through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for Romanych, Jones, and the County of Westchester and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on Romanych, Jones, and the County of Westchester.

If a summons and the complaint are not served on those defendants within 90 days after the date that the summonses for those defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve Romanych, Jones, and the County of Westchester until 90 days after the date that the summonses for those defendants issue.

### D.     Unidentified Defendant and Others

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and service address. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to allow the Westchester County Department of Correction ("WDOC") to determine the full identity, badge number, and service address of the unidentified defendant, and of any other WCJ officials involved with the incident alleged in Plaintiff's complaint; those individuals include all of the employees of the WDOC, along with Romanych and Jones, who were present in the WCJ, on April 9, 2025, at its "strip booth," when Plaintiff was strip searched by Romanych and Jones. It is therefore ordered that the Westchester County Attorney, who is the attorney for and agent of the WDOC, must ascertain the identity, badge number, and service address of each of the abovementioned unidentified individuals. The County Attorney must provide this information to Plaintiff and to the Court within 60 days of the date of this Order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming each of the newly identified individuals as a defendant and providing his or her badge number and service address. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this Order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an

order directing service on the newly identified defendants. An amended complaint form is attached to this Order.

## CONCLUSION

Based on the foregoing, the Court dismisses Plaintiff's claims against the Westchester County Jail. The Court further directs the Clerk of Court to add, under Rule 21 of the Federal Rules of Civil Procedure, the County of Westchester as a defendant in this action.

The Court additionally directs the Clerk of Court to: (1) issue summonses for Correction Officer Romanych, Correction Officer Jones, and the County of Westchester; (2) complete a USM-285 form with the service address for each of those defendants; and (3) deliver all documents necessary to effect service of a summons and the complaint on each of those defendants to the USMS. The Court also respectfully directs the Clerk of Court to mail an information package to Plaintiff.

The Court further, and respectfully, directs the Clerk of Court to mail a copy of this Order and a copy of the complaint to the Westchester County Attorney at the Westchester County Law Department, Michaelian Office Building, Suite 600, 148 Martine Avenue, White Plains, New York 10601.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: August 18, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

**SERVICE ADDRESSES FOR DEFENDANTS**

1. Correction Officer Romanych
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595

2. Correction Officer Jones
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595

3. County of Westchester
   Westchester County Law Department
   Michaelian Office Building, Suite 600
   148 Martine Avenue
   White Plains, New York 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
Write the full name of each plaintiff.

-against-

_____
_____
_____
_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

I.   **LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

II.  **PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name                Middle Initial            Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                              State                Zip Code

III. **PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV.     DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:
_____
First Name            Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

Defendant 2:
_____
First Name            Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

Defendant 3:
_____
First Name            Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

Defendant 4:
_____
First Name            Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

Page 5

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                            Plaintiff's Signature

_____          _____
First Name        Middle Initial                    Last Name

_____
Prison Address

_____
County, City                                State                        Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____