UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOE HILL,

                              Plaintiff,

                    -against-

OFFICER ROMANYCH, et al.,

                              Defendants.

25-CV-4868 (JGLC)

**ORDER OF DISMISSAL**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Joe Hill filed this action on June 6, 2025, under what the Court construed as 42 U.S.C. § 1983 and state law. ECF Nos. 1, 8. On October 27, 2025, pursuant to this Court's Order at ECF No. 8, Defendant County of Westchester served on Plaintiff the identity of the Westchester County Jail officials who were present in and around the area of the alleged improper strip search on April 9, 2025. ECF No. 12. The Court then directed Plaintiff to file an amended complaint, naming the newly identified individual officer defendants he wished to add to the lawsuit, by December 15, 2025. ECF No. 16. Plaintiff never filed an amended complaint. On December 23, 2025, in light of Plaintiff's *pro se* status, the Court *sua sponte* extended his deadline to file an amended complaint to January 16, 2026. The Court subsequently received notice on January 22, 2026, that its Order was not delivered because Mr. Hill was released. On February 6, 2026, the Court sent an order directing Plaintiff to update his address and file an amended complaint to Plaintiff's last known address. ECF No. 21. In that Order, the Court warned that it would dismiss this case for failure to prosecute if it did not hear from Plaintiff by February 27, 2026. The Order was returned to sender.

To date, Plaintiff has not filed any response to the Court's three Orders directing response, nor has he otherwise indicated that he intends to pursue this action.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Under Rule 41(b), a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A district court considering dismissal under Rule 41(b) must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216. No single factor is generally dispositive. *Id*

Here, the factors weigh in favor of dismissal. First, Plaintiff has failed to communicate with the Court for nearly eight months. Other courts in this District have dismissed actions for failure to prosecute after the same or less time. *See, e.g.*, *Murray v. Doe*, No. 24-CV-5849 (KMK), 2025 WL 623698, at *2 (S.D.N.Y. Feb. 26, 2025) (seven months); *Early v. Little Flower Child. & Fam. Serv. of N.Y.*, No. 23-CV-2531 (NJC), 2025 WL 307138, at *1 (E.D.N.Y. Jan. 27, 2025) (four months); *Cutting v. Riveles Wahab LLP*, No. 23-CV-6040 (VSB), 2024 WL 3833890, at *2 (S.D.N.Y. Aug. 14, 2024) (four months); *Jankowski v. Eric M. Taylor Ctr.*, No. 14-CV-7434 (AJN), 2015 WL 3939186, at *3 (S.D.N.Y. June 25, 2015) (eight months).

Second, the Court attempted to notify Plaintiff that failure to communicate with the Court would result in dismissal. *See* ECF No. 21. But because of his failure to maintain a current address, Plaintiff did not receive the Court's notice. Plaintiff was advised of his obligation to

promptly notify the Court in the event his address changed and that failure to do so may result in dismissal of this Action. ECF No. 8 at 5. While Plaintiff may not have received the Court's notice that a failure to respond would result in dismissal, "[o]nly the [p]laintiff can be responsible for notifying the court and the [d]efendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice." *Robinson v. United States*, No. 3-CV-1001 (SCR), 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005); *see also Lukensow v. Harley Cars of N.Y.*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) ("[A]s this Court has no current address for plaintiffs, any attempt to further warn plaintiffs of their responsibilities and the consequences of their continued failure to prosecute this action would be futile."). This factor weighs heavily in favor of dismissal because "a *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case." *Mena v. City of N.Y.*, No. 15-CV-3707, 2017 WL 6398728 (ALC), at *2 (S.D.N.Y. Dec. 14, 2017).

Third, although prejudice to Defendant "is lessened because the case is in a relatively early stage," courts in this District "presume prejudice to defendants where a plaintiff's delay is 'lengthy and inexcusable.'" *Zeigler v. Annucci*, No. 23-CV-707 (KMK), 2025 WL 1056904, at *3 (S.D.N.Y. Apr. 8, 2025) (citing *Murphy v. Rodriguez*, No. 23-CV-6998 (KMK), 2025 WL 623694, at *2 (S.D.N.Y. Feb. 26, 2025)). Here, a failure to communicate for nearly eight months is lengthy and inexcusable.

Fourth, "dismissal without prejudice is not an adjudication on the merits and balances the Court's interest in managing its docket with [Plaintiff's] interest in being heard." *Early*, 2025 WL 307138, at *1. Failure to comply with court directives weighs in favor of dismissal. *See Pepe v. Kenev Inc.*, No. 23-CV-7747 (PMH), 2025 WL 370964, at *2 (S.D.N.Y. Feb. 3, 2025). Thus,

although this case does not significantly burden the Court's docket, this factor still weighs in favor of dismissal.

Fifth, "the Court has considered the possibility of a less drastic sanction than dismissal, but after receiving no communication from Plaintiff apprising the Court of his status or desire to proceed with this litigation, the Court is sufficiently persuaded that Plaintiff has abandoned this matter." *Zeigler*, 2025 WL 1056904, at *3. "Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate." *Pepe*, 2025 WL 370964, at *3 (citing *Mena*, 2017 WL 6398728, at *2).

Based on the foregoing, IT IS HEREBY ORDERED that this action is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to terminate all pending motions and close this case.

Dated: March 16, 2026
       New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge